IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DOROTHY HELEN MEAD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-816-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DEPUTY RUE; CPL. ASHENFELTER; SGT. SHAVER; RICHARD MOELLMER; OFFICER BRIAN MCLEON; SUSAN HUSKINS, Courthouse Security; WENDEL SAITO, Courthouse Security Officer; CIRCUIT COURT JUDGE PRICE; CIRCUIT COURT JUDGE MURGO; DISTRICT ATTORNEY BOB HERMANN; ELECTED SHERIFF ROB GORDON; COMMANDER PAT GARRETTI; DEPUTY RYAN BURDETTE; DEPUTY CHRISTINE LEE; JOHN DOE 1-4; all defendants in their personal capacity and official capacity, and including DOES A-O, unidentified wives and husbands and significant others of the above individual defendants, et al.; WASHINGTON COUNTY, et al.; STATE OF OREGON, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Dorothy Helen Mead
9205 SE Clackamas Rd. 22
Clackamas, OR 97015-9657

    Pro Se Plaintiff

Hardy Myers
Attorney General
Linda Wicks
Assistant Attorney General
Department of Justice
1162 Court Street, N. E.
Salem, Oregon  97301-4096

Richard J. Whittemore
Dain Paulson
Bullivant Houser Bailey P. C.
300 Pioneer Tower
888 S. W. Fifth Avenue
Portland, Oregon  97204-2089

    Attorneys for Defendants

KING, Judge:

Plaintiff Dorothy Helen Mead alleges constitutional violations for her arrest, and a common law claim for intentional infliction of emotional distress.  Before me is a Motion to Dismiss filed by defendants Susan Huskins and Wendal Saito (#31), and a Motion to Dismiss filed by defendants Bob Hermann, Steven Price, Rudy Murgo, Richard Moellmer and the State of Oregon (#35).  In addition, plaintiff has filed multiple documents improperly labeled as motions that appear to be responses to the defendants' motions to dismiss.  Although many of these documents were filed late, for purposes of resolving defendants' motions to dismiss, I will consider them.  For the reasons stated below, I grant defendants' motions to dismiss.

**LEGAL STANDARDS**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. l986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

**BACKGROUND**

Plaintiff alleges that she was forcefully removed from a court room and wrongfully arrested by Washington County Sheriff's deputies on November 4, 2004. She also alleges that three security officers, Susan Huskins, Wendal Saito, and a third unnamed person, watched as one of the officers, Officer McLeod, arrested her. She alleges that Washington County Sheriff Rob Gordon failed to properly train and supervise his deputies. Finally, she alleges that the Washington County District Attorney Bob Hermann[1] improperly asserted jurisdiction over her, that Circuit Court Judge Steven Price denied her due process of law, that Senior Pro Tem Judge

---

[1] Plaintiff misspells the last name as Herman.

Rudy Murgo improperly asserted jurisdiction over her, and that Richard Moellmer[2] falsely arrested her.

## DISCUSSION

I.  Motion to Dismiss of Susan Huskins and Wendal Saito

Plaintiff alleges that Susan Huskins and Wendal Saito, security guards at the Washington County Courthouse, watched as a Washington County deputy arrested her. Plaintiff does not specifically state a cause of action against these two defendants.

Plaintiff does assert "all defendants" violated her rights, including "Article 1, 4, 5, 6, 7 and 9 of the U.S. Constitution," Article I, Sections 10 and 20 of the Oregon Constitution, and that defendants intentionally inflicted emotional distress on her. Plaintiff clarifies in her response styled "Motion to Dismiss Defendants Motion to Dismiss for Failure to State Claim Against Susan Huskins' and Wendal Saito's" that the claims against "all defendants" include Susan Huskins and Wendal Saito. In addition, plaintiff cites 42 U.S.C. § 1983 in two sections of her Amended Complaint, implying that her claims under the United States Constitution are for civil rights violations.

With regard to her federal claims, plaintiff does not allege in her complaint how Huskins and Saito violated her constitutional rights or which constitutional provisions they violated. Her general allegation is that they watched while Officer McLeod arrested her. Reading her complaint in its entirety, it appears plaintiff alleges civil rights violations for her unlawful arrest. Accordingly, to assert a case under Section 1983, plaintiff must allege: (1) the action occurred under color of state law; and (2) the action resulted in the deprivation of a constitutional right or

---

[2]Plaintiff misspells the last name as Moellner.

federal statutory right. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff fails to meet either requirement concerning these two defendants.

Furthermore, it would be futile to permit plaintiff to amend her complaint to comply with the Section 1983 pleading requirements. While liability under Section 1983 can be based on a failure to act, the official must have a "clearly established duty to take" the action and the omission must be a "foreseeable contributing factor to the violation of the plaintiff's constitutional rights." Plumb v. Prinslow, 847 F. Supp. 1509, 1518 (D. Or. 1994). According to plaintiff's own allegation, neither Huskins nor Saito caused plaintiff's constitutional deprivation or were a foreseeable contributing factor; they simply watched as she was arrested.

In addition, plaintiff alleges in her Amended Complaint that state government officials may not exercise authority over her because Oregon does not provide a "Republican form of government" in violation of Article IV, Section 4 of the U.S. Constitution. Complaint, ¶ V. Courts have consistently rejected this clause as a basis for a claim. Barber v. State of Hawaii, 42 F.3d 1185, 1199 (9th Cir. 1994) (claim dismissed as nonjusticiable political question).

As for her claims under the Oregon Constitution, plaintiff fails to state a claim. Article I, Section 10 directs that courts shall not be secret and that justice shall be administered openly. Plaintiff asserts that her arrest prevented her from viewing a court hearing. However, she does not state why she was arrested; she simply challenges the action based on the "Republican form of government" provision of the federal constitution. Similarly, her claim under Article I, Section 20 is nonsensical. She asserts that as a "Free born white person, a Natural Person, and a State Citizen," she has different rights than a "fourteenth amendment citizen" and that her arrest

was unconstitutional "by sitting one class of citizen over plaintiff." Complaint, ¶¶ II, XXI. Plaintiff fails to state a claim under Article I, Section 20 of the Oregon Constitution.

There are also flaws in plaintiff's intentional infliction of emotional distress claim. For one thing, plaintiff fails to allege any behavior of Huskins and Saito that meets the criteria for the claim.

The tort of intentional infliction of emotional distress contains the following elements:

> (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995). Intent is defined to mean "where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct." Id. at 550 (emphasis omitted). The nature of the relationship between the parties affects the type of conduct that is considered actionable. Id. at 548. Plaintiff does not allege that by watching her get arrested, Huskins and Saito intended to inflict emotional distress on her.

In addition, plaintiff fails to allege why Huskins and Saito should be liable for the arresting officers' conduct. In order to be held liable for the conduct of another under Oregon law, the defendant must either have a "special relationship" with the plaintiff, or take actions in furtherance of tortuous conduct. Whelan v. Albertson's, Inc., 129 Or. App. 501, 506-7, 879 P.2d 888 (1994). Plaintiff fails to identify a special relationship requiring Huskins or Saito to interfere with the arrest of plaintiff by a deputy of the Washington County Sheriff's office, and Huskins and Saito assert they can think of none.

Page 6 - OPINION AND ORDER

Although I am mindful of my obligation to construe a *pro se* plaintiff's pleadings liberally and afford the person the benefit of any doubt, Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001), a liberal interpretation of the complaint may not supply essential elements of the claim not initially pled. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Vague and conclusory allegations of official participation in the civil rights violation cannot withstand a motion to dismiss, id., and the same holds true for the state constitutional and common law claims.

Normally I must permit a *pro se* civil rights litigant the opportunity to amend the complaint. However, I need not do so if it would be impossible to cure the deficiencies of the complaint by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, plaintiff would be unable to remedy the deficiencies in her pleading against Saito and Huskins.

II. Motion to Dismiss of Bob Hermann, Steven Price, Rudy Murgo, Richard Moellmer and the State of Oregon

As above, plaintiff asserts what appear to be civil rights violations under 42 U.S.C. § 1983, as well as violations of Article I, Sections 10 and 20 of the Oregon Constitution, and that defendants intentionally inflicted emotional distress on her. In addition, she asserts that the Oregon Circuit Courts are in violation of Article I, Section 11 (rights of accused in criminal prosecution) and Article III, Section 2 of the Oregon Constitution (budgetary control over executive and administrative officers and agencies). Washington County District Attorney Bob Hermann, Circuit Judge Steven Price, retired Judge Rudy Murgo, and Washington County Trial Court Administrator Richard Moellmer, all employees of the State of Oregon, move to dismiss the claims against them. The State of Oregon also moves to dismiss the claims against it.

The State of Oregon moves for dismissal on the basis that it is immune from suit under the Eleventh Amendment. The Eleventh Amendment bars a citizen from bringing suit against his own state in federal court. Micomonaco v. State of Washington, 45 F.3d 316, 319 (9th Cir. 1995). There are two exceptions to the Eleventh Amendment protection: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." Id. The State of Oregon has neither consented to suit here nor waived its immunity. Accordingly, all claims are dismissed against the State of Oregon.

The individual state defendants also argue that although the Amended Complaint states all claims are brought against them in their personal capacities, this is a conclusory statement and all of their actions were taken in an official capacity. As such, the individual defendants assert, the Eleventh Amendment bars suit against them as well. Although the individual state defendants are correct in that state employees acting in their official capacity are immune from suit under the Eleventh Amendment, Will v. Michigan Depart. of State Police, 491 U.S. 58, 71 (1989), the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of the officers' own pockets. Kentucky v. Graham, 473 U.S. 159, 163-70 (1985) (discussing distinction between individual capacity and official capacity suits). Taking all allegations in the complaint as true, as I am required to do, I cannot dismiss the federal claims against the individual defendants on the basis of the Eleventh Amendment.

Alternatively, the individual state defendants assert they are immune from suit pursuant to the doctrines of prosecutorial and judicial immunity. Specifically, the individual defendants

Page 8 - OPINION AND ORDER

contend District Attorney Hermann is immune under prosecutorial immunity. In addition, the individual defendants assert that Judges Price and Murgo are entitled to absolute judicial immunity, and that Trial Court Administrator Moellmer is similarly entitled to absolute judicial immunity because his "functions" are "closely associated with the judicial process." See Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (holding that Clerk of District Court is entitled to absolute immunity for quasi-judicial duties).

A prosecutor is entitled to absolute immunity when he engages in activities "intimately associated with the judicial phase of the criminal process. " Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). A prosecutor is entitled to only qualified immunity, however, if he "is performing investigatory or administrative functions, or is essentially functioning as a police officer or detective." Id.

The cases finding absolute prosecutorial immunity cover a broad range of activities. A prosecutor is entitled to absolute immunity for initiating a prosecution and presenting the state's case. Imbler, 424 U.S. at 431. In Imbler, the seminal case on prosecutorial immunity, the Supreme Court held that a prosecutor was entitled to absolute immunity despite plaintiff's allegations that the prosecutor had, among other things, "prosecuted him with knowledge of a lie detector test that had 'cleared' [plaintiff]." Imbler, 424 U.S. at 416. The Ninth Circuit has interpreted Imbler to support absolute prosecutorial immunity even when a plaintiff alleges that the prosecutor went forward with a prosecution he believed not to be supported by probable cause. Milstein v. Cooley, 257 F.3d 1004, 1009 n.3 (discussing Imbler, 424 U.S. at 416, 431).

Plaintiff alleges that District Attorney Hermann has "created a Mix-War against the Republic Form of Government in the States of Oregon as State Citizen (Plaintiff being one) are

not informed of the operation of the pretend judicial system jurisdiction in Oregon . . . ." Amended Complaint, ¶ V. Plaintiff separately alleges that District Attorney Hermann "refuse to answer Plaintiffs Bill of Particular (common law discovery) to understand the nature and cause . (Article 1 section 11 Oregon Constitution) and took venue and jurisdiction over Plaintiff person when he had none." Amended Complaint, ¶ XVII.

Although it is difficult to understand plaintiff's claims against District Attorney Hermann, it appears that plaintiff is alleging District Attorney Hermann violated her constitutional rights through his involvement in plaintiff's prosecution, and specifically by failing to provide discovery to her. District Attorney Hermann is entitled to prosecutorial immunity for this function.[3]

In addition, judges are immune from liability for damages and suit for "acts committed within their judicial jurisdiction." Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967)); Mireles v. Waco, 502 U.S. 9, 11 (1991). A judge is not immune for action taken outside of the judge's judicial capacity or for judicial actions taken in the complete absence of all jurisdiction. If the judge has jurisdiction to perform the "general act" in question, the judge is immune if the act is erroneous, if the act has consequences that injure the plaintiff, and irrespective of the judge's motivation. Id. Judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).

Here, plaintiff alleges the following about Judges Price and Murgo, quoted verbatim:

---

[3]In addition, consistent with the analysis above, courts reject the "Republican form of government" clause in the U.S. Constitution as a basis for a claim.

Page 10 - OPINION AND ORDER

XVIII

Circuit Court Judge STEVEN L. PRICE denied Plaintiff of her State Citizenship which is considered 1.) cruel and unusual punishment, 2.) denial of Due Process of law which would include to know the nature and cause of the complaint, per Article 1 section 11 of the Oregon Constitution, Plaintiff also denied the name on the charging instrument, 2.) Judge PRICE also committed intentional/criminal fraud, by concealment against the Plaintiff through his silence when Plaintiff challenged the venue and jurisdiction of his court, and, Plaintiff stated clearly that the name on the charging instrument was not hers, 3.) Judge PRICE took venue and jurisdiction when he did not have venue and jurisdiction until the complete nature and cause was placed on the record, and a charging instrument with Plaintiffs name issued which can be called treason. . 4.) Judge Price in silence placed a not guilty plea in for the Plaintiff without her authority, and set a pre-trail date[.]

XX

Senior Pro Tem Judge RUDY M. MURGO, denied Plaintiff her State Citizenship by not ordering the District Attorney Office to answer Plaintiffs Bill of Particular before proceeding , 1.) cruel and unusual punishment 2.) Judge MURGO placed a plea in against the Plaintiff over her objection, 3.) took venue and jurisdiction over Plaintiff person by intentional, criminal fraud by concealment, , 4.) Judge MURGO set a trail date with out the Plaintiffs Bill of Particulars.

It is clear from these allegations that plaintiff's claims against Judges Price and Murgo are based on the actions they took in their judicial capacity. As such, Judges Price and Murgo are protected by judicial immunity, and I dismiss all claims asserted against them.

As for Trial Court Administrator Richard Moellmer, plaintiff alleges that he, along with the Washington County Sheriff's deputies,

> did not have venue and jurisdiction over the Plaintiff person and did , commit the act of false arrest, injury, property, injury to reputation, handcuff Plaintiff, deprive Plaintiff of her liberty, caused permanent emotional , and physical pain, deprived Plaintiff of Bail, deprived Plaintiff of her right to witness a State Agency in action to see if changes should be made. (Mix war against the republic form of government).

Amended Complaint, ¶ XII. Plaintiff appears to challenge Moellmer's actions taken in coordination with Judges Price and Murgo, and he is absolutely immune from suit for those actions.

Again, while I typically must permit a *pro se* civil rights litigant the opportunity to amend her complaint, it would be futile to allow amendment in this case where all defendants are protected by either the Eleventh Amendment or another type of immunity from suit.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss filed by defendants Susan Huskins and Wendal Saito (#31) is granted, and the Motion to Dismiss filed by defendants Bob Hermann, Steven Price, Rudy Murgo, Richard Moellmer and the State of Oregon (#35) is granted. Plaintiff's Motion to Strike Motion to Dismiss (#37), Motion to Strike Motion to Dismiss (#39), Motion for Dismiss Reply to Plaintiff's Motion to Dismiss (#50), Motion for Dismiss Reply to Plaintiff's Motion to Dismiss (#54), and Motion to Dismiss Defendants Motion to Dismiss for Failure to State Claim Against Susan Huskins' and Wendal Saito's (#55) are construed as responses to the defendants' motions to dismiss. Defendants Susan Huskins, Wendal Saito, Bob Hermann, Steven Price, Rudy Murgo, Richard Moellmer and the State of Oregon are dismissed with prejudice from this case.

///

///

Plaintiff's Motion to Compel Discovery (#56) is denied as moot with regard to the dismissed defendants. As for the remaining defendants, since the discovery deadline has been moved to February 20, 2006, Plaintiff's Motion to Compel Discovery is denied, but I grant her leave to renew the motion only if discovery is not provided on or before February 20, 2006.

IT IS SO ORDERED.

Dated this ____13th____ day of January, 2006.

                                                 /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge